UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| WILLIAM HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | No. 7:24-CV-21-REW |
| | ) | |
| V. | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In April 2022, prison guards found several black SD cards in federal inmate William Hernandez's cell. *See* DE 1-1 at 3 (Incident Report). A Disciplinary Hearing Officer ("DHO") later found Hernandez guilty of a prison disciplinary offense and disallowed good conduct time as a sanction. *See* DE 1 at 1 (Petition). Two years later, Hernandez filed his petition seeking habeas corpus relief in this Court, arguing that the charges against were not appropriate for the conduct alleged; the DHO's Report was not delivered to him;[1] and his efforts to exhaust administrative remedies were repeatedly frustrated by the Bureau of Prisons ("BOP"). *See id*. at 1-7. Upon review, the Court ordered a response from the warden. *See* DE 6 (Order).

The warden now responds:

> After reviewing the matter, the BOP has elected to remove the DHO sanction from Hernandez's record and reinstate his lost good conduct time. [Dec. of Eads, ¶¶ 7-8; Attachment B, Sentry Report—Inmate Discipline Data; Attachment C, Sentry Report—Sentence Monitoring Good Time Data.] Pursuant to Program Statement 5270.09, Inmate Discipline Program, when an incident report is expunged, all related documents are removed from the inmate's central file. Thus, in accordance with the Program Statement, all disciplinary documents have been removed from Hernandez's central file. [Dec. of Eads, ¶ 6; Attachment D, Program Statement

---

[1] A declaration attached to the warden's response indicates that the DHO Report was not provided to Hernandez until May 29, 2024, nearly three months after he filed his petition.  *See* DE 7-1 at 2, ¶6 (Decl. of Robin Eads).

1

> 5270.09—Inmate Discipline Program.] Moreover, Hernandez's lost good conduct time has been reinstated. [Dec. of Eads, ¶ 8; Attachment C.]

DE 7 at 2-3 (Response). If it did so before, the attached listing of Hernandez's disciplinary convictions does not presently list the conviction at issue. *See* DE 7-3 at 1 (Inmate Discipline Data – Chronological Disciplinary Record). And the running computation of good conduct time indicates that no good time was forfeited or disallowed in 2022. *See* DE 7-4 at 1 (Sentence Monitoring Good Time Data). The evidence provided by the warden indicates that Hernandez's disciplinary conviction has been expunged from his Central File and the good conduct time restored. This represents the full measure of relief sought by Hernandez in this proceeding. *See* DE 1 at 7 (Petition).

The warden therefore seeks dismissal of the petition as moot. "To qualify as a case fit for federal adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 117 S.Ct. 1055, 1068 (1997) (*quoting Steffel v. Thompson*, 94 S.Ct. 1209, 1216, n.10 (1974)). When the plaintiff no longer suffers from "an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision," *Lewis v. Continental Bank Corp.*, 110 S.Ct. 1249, 1254 (1990), the case is moot and must be dismissed for want of a case or controversy. Where, post-filing, the BOP decides to voluntarily expunge a disciplinary conviction and the sanctions flowing from it, the case is rendered moot. *Cf. Chestnut v. Warden Lewisburg USP*, 592 F. App'x 112, 113 (3d Cir. 2015) ("Chestnut's personal stake in the outcome disappeared after he filed his § 2241 petition when the DHO expunged the incident report and restored his good conduct time."); *Jordan v. Colbert*, No. CV-21-00019-JAS-BGM, 2023 WL 3740223, at *4 (D. Ariz. Mar. 7, 2023); *Randall v. Martinez*, No. CIV. 4:CV-07-2151, 2008 WL 275721, at *1 (M.D. Pa. Jan. 30, 2008), *aff'd*, 289 F. App'x

2

478 (3d Cir. 2008). Petitioner has received the sought relief, and the Court will therefore dismiss this action.

Accordingly, the Court **ORDERS** as follows:

1. The Court **DISMISSES** Hernandez's DE 1 petition as moot; and

2. The Courts **DIRECTS** the Clerk to **STRIKE** this matter from its active docket; and

3. The Court will enter a judgment contemporaneously with this Memorandum Opinion and Order.

This the 15th day of July, 2024.

Signed By:
Robert E. Wier
United States District Judge